**FIRST STATE BANK OF MONTGOMERY v. AUSTIN & RILEY.**

(Court of Civil Appeals of Texas. Galveston. Dec. 15, 1911.)

GARNISHMENT (§ 233*)—LIABILITY OF GARNISHEE—ESTOPPEL.

A bank, knowing that a depositor had assigned a part of the deposit before it was garnished, is not relieved *from liability to the* assignee by paying the deposit into court and stating that it was indebted to the depositor in an amount, including the amount assigned;

and the fact that the assignee knew of the garnishment, and did not intervene, did not estop him from asserting his right thereto against the bank in a separate proceeding.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 445–453; Dec. Dig. § 233.*]

Appeal from Montgomery County Court; S. A. McCall, Judge.

Action by Austin & Riley against the First State Bank of Montgomery. From a judgment for plaintiffs, defendant appeals. Affirmed.

Nugent & McMahon, for appellant. R. J. Sullivan and Llewellyn & Foster, for appellees.

McMEANS, J. We have carefully considered appellant's assignments of error, and have concluded that none of them points out any reversible error. The evidence introduced justified the jury in finding that a portion of the funds of Faubion, held by the appellant bank, had been by Faubion, with the knowledge of the bank, assigned to appellees before the writ of garnishment directed at the funds of Faubion was sued out by A. W. Morris and served on the bank. The effect of this assignment was to transfer $192.43, the amount of the judgment in this case, from Faubion to Austin & Riley, and vest the title thereto in the latter, so that when appellant, in answer to the writ of garnishment, stated that it was indebted to Faubion to the extent of the full amount of the Faubion funds, which included the amount assigned to Austin & Riley, and paid same into the registry of the court out of which the garnishment issued, it did not thereby relieve itself from liability to Austin & Riley for the amount that had been assigned to them. The fact that Austin & Riley, although they knew of the garnishment proceedings, did not intervene and set up their superior right to the portion of the funds that had been assigned to them did not estop them to assert their rights thereto against the bank in a separate proceeding; and appellant's assignments of error, all of which, in various ways, complain of the failure and refusal of the court to submit to the jury the issue of estoppel, must be overruled.

Affirmed.